**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley Lynn Grombacher, Esq. (SBN 245960)
Lirit Ariella King, Esq.  (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
          kgrombacher@bradleygrombacher.com
          lking@bradleygrombacher.com

Attorneys for Plaintiff, KEYHONA CAMPBELL, individually
and on behalf of other individuals similarly situated

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYHONA CAMPBELL, individually, and on behalf of other individuals similarly situated,<br><br>                    Plaintiff,<br><br>     v<br><br>HUFFMASTER MANAGEMENT INC., a Michigan corporation; and HUFFMASTER CRISIS RESPONSE, INC., a Michigan corporation<br><br>                    Defendants. | CASE NO. 2:21–CV–00815–JAM–JDP<br>Hon. John A Mendez<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>1.  **Failure to Pay for all Time Worked;**<br><br>2.  **Missed Meal Breaks in Violation of California** *Labor Code* **§§ 200, 226.7, 512;**<br><br>3.  **Missed Rest Breaks in Violation of California** *Labor Code* **§§ 200, 226.7, 512;**<br><br>4.  **Failure to Furnish an Accurate Itemized Wage Statement upon Payment of Wages in Violation of California Labor Code § 226;**<br><br>5.  **Failure to Pay All Wages Owed at Termination in Violation of California** *Labor Code* **§203;**<br><br>6.  **Failure to Reimburse Necessary Business Expenses (Labor Code §§ 2802, 2804);**<br><br>7.  **Unfair Competition (Bus & Prof Code § 17200 et seq.); and**<br><br>8.  **Statutory Penalties Pursuant to PAGA (Labor Code §§2698, et seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

1

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Plaintiff Keyhona Campbell ("Plaintiff"), by and through her undersigned attorneys, hereby brings this Class Action Complaint and Law Enforcement Action against Defendants Huffmaster Management Inc., a Michigan corporation and Huffmaster Crisis Response, Inc., a Michigan corporation (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. This is a class action and law enforcement action arising out of Defendants' failure to pay their non-exempt workers for all hours worked, failure to provide them with meal and rest periods in compliance with the applicable Wage Order and failure to reimburse them for necessary and reasonable business expenses incurred in the performance of their work for Defendants.

2. Defendants specialize in strike management and crisis staffing by providing industrial staffing, healthcare staffing and security services in the event of a strike or other labor dispute.

3. With respect to healthcare staffing, Defendants provide replacement nurses, technicians and support staff to their clients, employing hundreds of clinical and non-clinical staff in California. Healthcare staff travel throughout the country—including in California—working at various hospitals and health systems with which Defendants contract. They typically work at one location on a short-term, temporary basis before Defendants assign them to a new location. For example, among other placements, Plaintiff worked for Defendants as an Environmental Services Worker (EVS) between October 22, 2018 and November 26, 2018; March 19, 2019 and November 13, 2019; and between March 4, 2020 and May 2, 2020 at University of California Hospital at Davis.

4. Defendants do not institute policies and procedures that would enable their workers to take statutorily mandated meal and rest periods. Defendants' healthcare staff, like Ms. Campbell, are duty-bound to remain attentive to facility and patient needs unless relieved from duty by another staff member. As a result, Defendants' healthcare staff routinely are not provided with uninterrupted, thirty-minute meal periods during which they are completely relieved of duty, and are not authorized and permitted to take rest breaks of at least ten minutes by the end of every fourth hour of work or major fraction thereof. Ms. Campbell, for example, was unable to take meal or rest breaks during her shifts because of facility and patient needs and the lack of additional staff to relieve her. Nevertheless, Defendants automatically deducted 30-minutes from Ms. Campbell's pay every shift, despite the fact

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

that Defendants routinely and systematically failed to relieve her from duty and required her to work through her 30-minute meal periods.

5.      Defendants also do not provide sufficient personal protective equipment ("PPE") to their clinical and non-clinical healthcare staff. Consequently, Defendants' healthcare staff must locate and purchase such supplies themselves. Ms. Campbell, for example, was not provided sufficient PPE during the pandemic and was exposed to patients who had and may have had COVID-19. Ms. Campbell therefore had to pay out of her own pocket for PPE supplies including masks, gloves, cleaning/sanitizing products, and hand sanitizer in direct consequence of the discharge of her duties for Defendants. Ms. Campbell spent substantial time, shopping for and procuring these items yet Defendants did not compensate Ms. Campbell for the time spent securing these necessary supplies.

6.      As COVID-19 has surged across the country, Defendants' healthcare staff ping-pong between overwhelmed cities, hospitals and medical facilities. Thus, it is critical for a company like Defendants to implement proper procedures to stop the spread of COVID-19 amongst healthcare workers and the public. Defendants' failure to take measures to protect their healthcare staff from this virulent disease in the workplace has serious and potentially catastrophic consequences for both the workers and society at large.

7.      Among other issues and as described in further detail below, Defendants failed to provide sufficient PPE, implement physical distancing protocols, implement proper sanitization protocols, institute or enforce mask-wearing practices, or adopt other programs and procedures necessary to reduce its employees' risk of contracting the virus in the hospital and health system settings in which they place their healthcare staff, in violation of the California Labor Code. These failings constitute unfair business practices and create a public nuisance.

8.      In light of the foregoing, Plaintiff brings causes of action One through Seven (the "Class Claims") as a class action on behalf of herself and other similarly situated individuals who have worked as clinical and/or non-clinical healthcare staff for Defendants in California, at any time from March 3, 2017 through the resolution of this action. Plaintiff, on her own behalf and on behalf of all Class Members, bring the class claims pursuant to California Labor Code §§ 201, 202, 203, 221-223, 226, 226.7, 510, 512, 1174, 1194, 1197-1198, and 2802; and California Code of Regulations,

3

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Title 8 §11050 §§ 7 & 11-12 (Wage Order No. 5), and under Business & Professions Code §§ 17200-17208, for unfair competition due to Defendants' unlawful, unfair and fraudulent business acts and practices. Plaintiff challenges Defendants' policies of: (1) denying Plaintiff and the Class wages (including straight time and overtime) for discreet periods during which they were not compensated for time spent procuring PPE; (2) failing to provide Plaintiff and the Class with meal periods in compliance with the requirements of the applicable Wage Order; (3) failing to authorize and permit Plaintiff and the Class rest periods in compliance with the requirements of the applicable Wage Order; (4) failing to provide Plaintiff and the Class with accurate, itemized wage statements; (5) failing to timely pay Plaintiff and the Class full wages upon termination or resignation; and (6) failing to reimburse Plaintiff and the Class for reasonable necessary business expenses incurred in the performance of their work for Defendants. Plaintiff on behalf of herself and all others similarly situated, seeks declaratory and injunctive relief, including restitution under Bus. & Prof. Code §17203. Plaintiff, on behalf of herself and all others similarly situated, also seeks compensation, damages, penalties, interest, and attorneys' fees and costs to the full extent permitted by applicable law.

9. Plaintiff brings cause of action Eight as a proxy of the State of California on behalf of all individuals who were or are employed by Defendant in California as non-exempt employees at any time from March 2, 2020 through the resolution of this action ("Aggrieved Employees") for penalties under the Private Attorneys General Act (PAGA). PAGA provides that any civil penalty assessed and collected by the Labor and Workforce Development Agency (LWDA) for violations of applicable provisions of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlined in California Labor Code § 2699.3. PAGA also provides that an aggrieved employee can bring a civil action on behalf of other aggrieved employees for violation of any other Labor Code provision that does not itself contain a civil penalty, in which case the civil penalties are assessed at $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation. On March 2, 2021, Plaintiff provided written notice of these alleged violations, including the facts and theories supporting her allegations, to the LWDA via online submission, with a certified copy mailed to Defendants. More

4

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

than 65 calendar days have passed since the date notice was provided to the LWDA and Defendants. Accordingly, Plaintiff has satisfied the administrative prerequisites under California Labor Code Section 2699.3(a) to recover civil penalties against Defendants for violations of California Labor Code identified in this Complaint. Plaintiff therefore seeks these civil penalties and attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

**PARTIES**

10.    Plaintiff KEYHONA CAMPBELL ("Plaintiff") is a resident of DeKalb County, in the State of Georgia.  Plaintiff was employed by Defendants, HUFFMASTER MANAGEMENT INC. and HUFFMASTER CRISIS RESPONSE, INC., in California between October 22, 2018 and November 26, 2018; March 19, 2019 and November 13, 2019, and March 4, 2020 and May 2, 2020. Between October 22, 2018 and November 26, 2018, Defendants employed Plaintiff and assigned her to work as an EVS for a hospital in California, operated by the University of California and was also to work as a Certified Nursing Assistant for a healthcare facility in Redding, California. Between March 19, 2019 and November 13, 2019, Huffmaster employed Ms. Campbell and assigned her to work as an EVS for a hospital in California, operated by the University of California. Between March 4, 2020 and May 2, 2020, Huffmaster employed Ms. Campbell and assigned her to work as an EVS for a hospital in California, operated by the University of California. As an EVS, Plaintiff was responsible for cleaning patients' rooms and other general public areas.

11.    Defendant HUFFMASTER MANAGEMENT INC. is a Michigan corporation and is and at all relevant times has been engaged in the business of strike services, industrial staffing, healthcare staffing and security services in the State of California, including in this Judicial District.

12.    Defendant HUFFMASTER CRISIS RESPONSE, INC., is a Michigan corporation and is and at all relevant times has been engaged in the business of strike services, industrial staffing, healthcare staffing and security services in the State of California, including in this Judicial District.

13.    As used in the Complaint, "Defendant," "Defendants" or "Huffmaster" refer to Defendants Huffmaster Management Inc. and Huffmaster Crisis Response, Inc., jointly and collectively

///

5

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## JURISDICTION AND VENUE

14.     The Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. Section 1332(d)(2)(A) (CAFA), because this case is a class action and the aggregated claims of the individual class members of each of the classes exceed the sum value of $5,000,000, exclusive of interests and costs. This Court also has jurisdiction over this action on the basis of diversity pursuant to 28 U.S.C. § 1332(a)(1). The diversity requirement is satisfied because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Defendant removed this case to this Court pursuant to 28 U.S.C. Section 1332(a)(1) on May 5, 2021.

15.     Venue is proper under 28 U.S.C. §1391, because Defendants employ Class Members and transact business in this Judicial District, a substantial part of the acts and/or omissions giving rise to the claims occurred in this District and Defendants do business in this Judicial District.

## FACTUAL ALLEGATIONS

16.     Plaintiff incorporates herein by reference the allegations set forth above.

17.     During the relevant time period of this action, Defendants have employed Plaintiff and other similarly situated individuals as healthcare staff to provide clinical and non-clinical services in hospital and health system settings throughout California. Their job duties include assisting patients in recovery, physically moving and otherwise assisting patients with everyday activities, maintaining the hospital and facilities in a sanitary condition; cleaning infectious and contaminated areas; and performing other duties as assigned. Plaintiff is a certified nursing assistant who worked for Defendants in California.

*A.     Defendants' Failure to Provide Compliant Meal and Rest Periods*

18.     Defendants do not institute policies and procedures that would enable their healthcare staff, or other workers, to take statutorily mandated meal and rest periods. Defendants' healthcare staff, like Ms. Campbell, are duty-bound to remain attentive to facility and patient needs unless relieved from duty by another staff member, including but not limited to ensuring infectious and contaminated areas are cleaned.

19.     Defendants' healthcare staff routinely are not provided with uninterrupted, thirty-

6

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

minute meal periods during which they are completely relieved of duty, and are routinely not authorized and permitted to take rest breaks of at least ten minutes by the end of every fourth hour of work or major fraction thereof. Ms. Campbell, for example, was regularly unable to take meal breaks and was unable to take rest breaks because of facility and patient needs and the lack of additional staff to relieve her.

20.     Defendants also automatically deducted 30-minutes from Ms. Campbell's pay every shift, despite the fact that Defendants routinely and systematically failed to relieve her from duty and required her to work through her 30-minute meal periods.

**B.      *Defendants' Failure to Reimburse Employees for the Cost of PPE***

21.     California Labor Code § 2802 requires an employer to "indemnify [its] employee[s] for all necessary expenditures or losses incurred by the employee[s] in direct consequence of the discharge of [their] duties."  Section 2802's purpose is "to prevent employers from passing their operating expenses on to their employees." *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 562 (2007).  The cost of purchasing personal protective equipment represents one such operating expense.  It arises as a direct consequence of healthcare workers discharging their duties, which place them at higher risk of contracting COVID-19 than the general public.

22.     Moreover, case law confirms that California law requires an employer to provide its employees with personal protective equipment, at the employer's expense, and if it fails to do so, must reimburse the employees for any such materials employees purchase themselves. *See Bendix Forest Prods. Corp. v. Div. of Occupational Safety*, 25 Cal. 3d 465, 472-73 (1979) (analyzing Cal. Lab. Code § 6401); *Rincon v. W. Coast Tomato Growers, LLC*, 2016 WL 11620827, at *7 (S.D. Cal. July 11, 2016) (S.D. Cal. July 11, 2016) (citing Cal. Lab. Code §§ 6401, 6403, 2802).

23.     Plaintiff's experience exemplifies Defendants' widespread failure to provide PPE and their subsequent, systematic failure to reimburse employees for the cost of PPE.  Upon being placed by Defendants in a client's hospital, Ms. Campbell was provided a handful of masks and hand sanitizer. Despite working in close proximity with patients during the COVID-19 pandemic, Ms. Campbell was not provided with the PPE, including N95 masks or sanitizing products, necessary to protect herself and the public from this virulent disease in the workplace.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

24. Defendants' failure to provide sufficient PPE to employees, leaves them to fend for themselves. Consequently, employees must purchase PPE to be able to continue working and carrying out their job duties. Defendants do not reimburse employees for these expenses. Ms. Campbell, for example, was forced to purchase masks, gloves, cleaning and sanitizing products, and hand sanitizer, without reimbursement.

25. In sum, Defendants have provided their employees insufficient PPE during the pandemic. This results in a policy and/or practice wherein Plaintiff, the Class and Aggrieved Employees have no choice but to purchase their own PPE, without reimbursement, a violation of California Labor Code § 2802.

**C.    Defendants' Failure to Pay for All Time Worked**

26. As a result of Defendants' failure to provide sufficient PPE to employees, Defendants' employees must purchase PPE to be able to continue working and carrying out their job duties. In order to secure such supplies, Plaintiff spent at least one-and-a-half to two hours per week shopping and traveling to various stores and facilities and searching online for Defendants' benefit. As a result, Defendants have violated their obligation to pay Plaintiff, the Class and Aggrieved Employees for all hours worked. Additionally, Huffmaster failed to pay Plaintiff and other aggrieved employees for time spent travelling and relocating for job assignments.

**D.    Defendants' Failure to Provide Accurate Wage Statements**

27. Defendants fail to comply with California Labor Code Section 226(a) because the hours worked and meal breaks are incorrect on the wage statements provided to Plaintiff and the other Class Members. Further, Plaintiff and other Class Members were entitled to meal and rest break premiums and overtime compensation, which were not included on their wage statements.

**E.    Defendants' Failure to Pay All Wages Due at Termination of Employment**

28. Defendants fail, upon termination of employment, to pay Plaintiff and the Class Members all accrued compensation including, among others, minimum wage, wages at the designated rate, overtime compensation and missed meal and rest period compensation.

**F.    Plaintiff's Exhaustion of Administrative Remedies**

29. On March 2, 2021, Plaintiff provided written notice of these alleged violations,

8

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

including the facts and theories supporting her allegations, to the LWDA via online submission, with a certified copy mailed to Defendants. More than 65 calendar days have passed since the date notice was provided to the LWDA and Defendants. Accordingly, Plaintiff has satisfied the administrative prerequisites under California Labor Code Section 2699.3(a) to recover civil penalties against Defendants for violations of California Labor Code identified in this Complaint.

## CLASS ACTION ALLEGATIONS

30.    *Proposed Class Definitions*. Plaintiff brings Causes of Action One through Seven as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and/or (b)(3). Plaintiff brings the PAGA Cause of Action as a law enforcement action, not as a class action.  Plaintiff seeks to represent the following two classes (referred to herein collectively as the "Class"):

Class A:

All individuals who worked for Defendants in clinical and non-clinical roles, including but not limited to Registered Nurses, Certified Registered Nurse Anesthetists, Licensed Practical Nurses, Licensed Vocational Nurses, Certified Nursing Assistants, Technicians, and Environmental Services in California at any time from March 3, 2017 to the date of class notice.

Class B:

All individuals who worked for Defendants in clinical and non-clinical roles, including but not limited to Registered Nurses, Certified Registered Nurse Anesthetists, Licensed Practical Nurses, Licensed Vocational Nurses, Certified Nursing Assistants and/or Environmental Services in California at any time from March 2, 2020 to the date of class notice.

31.    Numerosity. Defendants have employed thousands of healthcare staff in California from March 3, 2017 through the present and hundreds of healthcare staff in California from March 2, 2020, through the present. Class members are therefore far too numerous to be individually joined in this lawsuit.

32.    Common Questions of Law and/or Fact.  Common questions of law and fact exist as to all members of the classes which predominate over any questions affecting only individual members of the classes.  These common legal and factual questions, which do not vary from class member to

9

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a. Whether Plaintiff and members of the proposed classes are subject to and entitled to the benefits of California wage and hour statutes;

b. Whether Defendants compensated Plaintiff and the other healthcare staff for all hours worked;

c. Whether Defendants required and/or suffered and permitted Plaintiff and the other healthcare staff to work in excess of 8 hours per day without compensation;

d. Whether Defendants' failure to compensate Plaintiff and the other healthcare staff at an overtime rate for hours worked in excess of 8 per day has been willful, intentional or reckless;

e. Whether Defendants failed to keep accurate records of hours worked and wages earned by Plaintiff and the other healthcare staff;

f. Whether Defendants failed to provide Plaintiff and the other healthcare staff with adequate PPE to perform their jobs for Defendants;

g. Whether Defendants' policies and practices (or lack thereof) for reimbursing Plaintiff and the other healthcare staff violated California law;

h. Whether Defendants failed to provide healthcare staff with uninterrupted meal periods of 30 minutes during which they were completely relieved of duty, by the end of the fifth hour of work and again by the end of the tenth hour of work;

i. Whether Defendants failed to authorize and permit rest breaks of at least 10 minutes by the end of every fourth hour of work or major fraction thereof to healthcare staff;

j. Whether the paychecks provided to the healthcare staff in connection with their compensation contain all the elements mandated for accurate itemized wage statements under Cal. *Labor Code* § 226(a);

k. Whether healthcare staff that are no longer employed by the Defendants are entitled to penalties pursuant to California Labor Code §203;

l. Whether Defendants' policies and practices have resulted in violation of one or more

10

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

of the Labor Code Provisions cited herein;

m. Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, Bus. & Prof. Code § 17200, *et seq.*; and

n. The injunctive and/or monetary relief to which Plaintiffs and the other healthcare staff may be entitled as a result of the violations alleged herein.

33. *Typicality.* Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in failing to compensate healthcare staff for all hours worked, failing to compensate them at all for time spent performing discrete tasks they are required and/or suffered and permitted to perform, failing to provide them with meal and rest periods in compliance with the applicable Wage Order and failing to reimburse necessary and reasonable business expenses incurred in working for Defendants has caused Plaintiff and the proposed Classes to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the proposed Classes.

34. *Adequacy of Representation.* Plaintiff is an adequate representative of the proposed classes because she is a member of the classes, and her interests do not conflict with the interests of the members she seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and her counsel intend to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and her counsel.

35. *Superiority of Class Action.* The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each member of the Class, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible. Furthermore, individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court, and avoids the problem of inconsistent judgments.

///

11

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

36. *Appropriateness of Injunctive or Declaratory Relief.* Final injunctive relief or corresponding declaratory relief is appropriate respecting the Classes as a whole. Defendants have acted or refused to act on grounds that apply generally to the Classes, such that final injunctive relief or corresponding declaratory relief may be properly applied to the Classes as a whole.

### FIRST CAUSE OF ACTION

### Failure to Pay for All Hours Worked in Violation of

### California Labor Code §§ 201, 202, 204, 221-223, 510, 1197-1198

### (On Behalf of Plaintiff and Class B against all Defendants)

37. Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained above.

38. It is fundamental that an employer must pay its employees for the time worked. Labor Code §§ 218 and 218.5 provides a right of action for nonpayment of wages. Labor Code §223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code §1197 prohibits the payment of less than the minimum wage.

39. Plaintiff and the members of Class B were employed by Defendants at all relevant times. Defendant was required to compensate Plaintiff and the members of the Class B for all hours worked including time spent procuring required business materials and traveling.

40. Defendants have maintained and continue to maintain a policy of denying Plaintiff and the members of Class B compensation for time spent for time spent procuring necessary business items such as face coverings and sanitizer materials, and for time spent traveling. Accordingly, Defendants have artificially reduced Plaintiffs' and its other members of Class B's pay rates by denying them compensation for this time worked.

41. Defendants have also failed to pay Plaintiff, and other members of Class B, overtime compensation for the hours they worked in excess of the maximum hours permissible by law under California Labor Code §§ 510 and 1198, and IWC Wage Order No. 5, §3. Defendants require and/or suffer and permit Plaintiff and other members of Class B to work hours in excess of 8 in a day.

42. Plaintiff and the members of Class B have suffered, and continue to suffer, substantial unpaid straight time and overtime wages, and lost interest on such wages, and expenses and attorney's

12

fees in seeking to compel Defendant to fully perform their obligation under state law, all to their respective damage in amounts according to proof at time of trial. Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the members of Class B. Defendants acted with malice or in conscious disregard of the rights of Plaintiff and the members of Class B. Plaintiff and the members of Class B are thus entitled to recover nominal, actual, and compensatory damages in amounts according to proof at time of trial.

43.    Plaintiff and other members of Class B request recovery of unpaid minimum wages, straight time wages and overtime compensation according to proof, interest, attorney's fees and costs of suit pursuant to California Labor Code §§1194(a), 554, 1194.3 and 1197.1, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

## SECOND CAUSE OF ACTION

### Failure to Provide Meal Periods, or Compensation in Lieu Thereof

### California Labor Code §§ 226.7 and 512

### (On Behalf of Plaintiff and Class A against all Defendants)

44.    Plaintiff incorporates herein by reference the allegations set forth above.

45.    California Labor Code §§ 226.7 and 512, and Title 8 of the California Code of Regulations § 11050, ¶ 11 require Defendants to provide meal periods to Plaintiffs and members of the proposed Class. California Labor Code §§ 226.7 and 512, and Title 8 of the California Code of Regulations § 11050, § 11 prohibit employers from employing an employee for more than five hours without a meal period no less than thirty (30) minutes and for more than ten (10) hours without a second meal period. Unless the employee is relieved of all duty during the thirty (30) minute meal period, the employee is considered "on-duty" and the meal or rest period is counted as time worked.

46.    Defendants do not provide the members of Class A, including Plaintiff, with meal periods during which they are completely relieved of duty for at least thirty (30) minutes by the fifth hour of work and again by the tenth hour of work.

47.    Rather, Plaintiff and the members of Class A regularly work eight hours in a day, and often far more, without the opportunity to take a meal period during which they are relieved of all

13

duty.

48.    Defendants failed to pay Plaintiff and the other Class A members the full statutory penalty for all missed meal periods.

49.    Defendants have failed to perform their obligations to provide Plaintiff and the members of Class A off-duty meal periods by the end of the fifth hour of work and a second meal period by the end of the tenth hour of work.  Defendants also have failed to pay Plaintiff and the members of Class A one (1) hour of pay for each off-duty meal period that they have been denied. Defendants' conduct described herein violates California Labor Code §§226.7 and 512 and Title 8 of the California Code of Regulations §11090.  Therefore, Plaintiff and the members of Class A are entitled to compensation for Defendants' failure to provide meal periods, plus interest, expenses, and costs of suit pursuant to California Labor Code §§226.7(b) and Title 8 of the California Code of Regulations §11090.

### THIRD CAUSE OF ACTION

### Failure to Provide Rest Periods, or Compensation in Lieu Thereof

### California Labor Code §§ 226.7

### (On Behalf of Plaintiff and Class A against all Defendants)

50.    Plaintiff incorporates herein by reference the allegations set forth above

51.    California Labor Code §226.7 and Title 8 of the California Code of Regulations § 11050, ¶ 12 requires Defendants to authorize and permit rest periods to Plaintiffs and members of the proposed Class at the rate of ten minutes net rest time per four hours or major fraction thereof.

52.    Defendants simply do nothing to authorize or permit such rest periods, even if there were an opportunity to take them.

53.    To the contrary, Plaintiff and the members of Class A regularly work eight (8) hours in a day, and often far more, without any realistic opportunity to rest for even ten minutes during a four-hour period or major fraction thereof.

54.    Under both California Labor Code § 226.7 and Title 8 of the California Code of Regulations §1150, ¶ 12, an employer must pay an employee who was denied a required rest period one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest

14

period was not provided.

55.    At all relevant times herein, Defendants have failed to perform their obligations to authorize and permit Plaintiff and the members of Class A to take rest periods as set forth above. Defendants also failed to pay Plaintiffs and the members of Class A one (1) hour of pay for each rest period they have been denied. Defendants' conduct described herein violates California Labor Code §§ 226.7 and Title 8 of the California Code of Regulations §11050. Therefore, Plaintiffs and members of the putative Class are entitled to compensation for Defendants' failure to authorize and permit rest periods, plus interest, and costs of suit pursuant to California Labor Code §§ 226.7(b), and Title 8 of the California Code of Regulations § 11050.

## FOURTH CAUSE OF ACTION

### Failure to Furnish Accurate Wage Statements

### California Labor Code § 226

### (On Behalf of Plaintiff and Class A against all Defendants)

56.    Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained above.

57.    California Labor Code §226(a) provides that every employer must furnish each employee with an accurate itemized wage statement, in writing, showing nine pieces of information, including: 1) gross wages earned; 2) total hours worked by the employee; 3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis; 4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; 5) net wages earned; 6) the inclusive dates of the period for which the employee is paid; 7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number; 8) the name and address of the legal entity that is the employer; and 9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

58.    California Labor Code §226(e) provides that an employee suffering an injury as a result of a knowing and intentional failure to provide a statement accurately itemizing the information set forth in Labor Code §226(a), then the employee is entitled to recover the greater of all actual damages

15

or fifty-dollars ($50.00) for the initial violation and one-hundred dollars ($100.00) for each subsequent violation, up to a maximum of four-thousand dollars ($4,000.00).

59. Plaintiff and the members of Class A have also been injured as a result of having to bring this action to obtain correct wage information following Defendants' refusal to comply with many requirements of the California Labor Code. As a result, Defendants are liable to Plaintiff and the members of Class A, for the amounts, penalties, attorneys' fees, and costs of suit provided by California Labor Code §226(e).

60. Pursuant to Labor Code §218.6 and/or Civil Code §3287(a), Plaintiff and the other members of Class A are entitled to recover pre-judgment interest on wages earned, but not paid every pay period.

61. Plaintiff, on behalf of herself and the other members of Class A, request an assessment of penalties as stated herein and other relief as described below.

62. Plaintiff, on behalf of herself and the other members of Class A, seek all unpaid compensation, damages, penalties, interest and attorneys' fees and costs, recoverable under applicable law set forth below.

### FIFTH CAUSE OF ACTION

### Waiting Time Penalties

### California Labor Code §§ 201-203

**(On Behalf of Plaintiff and other members of the classes who have left their employment with Defendants against all Defendants)**

63. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

64. California Labor Code §201 requires an employer who discharges an employee to pay all compensation due and owing to said employee immediately upon discharge. California Labor Code §202 requires an employer to promptly pay compensation due and owing to said employee within seventy-two (72) hours of that employee's termination of employment by resignation. California Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under California Labor Code §§201-202, then the employer

16

is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

65. Plaintiff and the other members of the Classes who have left their employment with Defendants during the statutory period. Defendants willfully failed and refused, and continue to willfully fail and refuse, to timely pay all wages owed, including premium wage for missed meal and rest periods, to Plaintiff and to all other proposed members of the classes whose employment with Defendants has ended or been terminated at any point during the statutory period. As a result, Defendants are liable to Plaintiff and other formerly employed members of the proposed Classes for waiting time penalties, together with interest thereon, attorneys' fees, and costs of suit, under California Labor Code §203.

66. Plaintiff, on behalf of herself and the proposed Classes, request waiting time penalties pursuant to California Labor Code §203, plus attorneys' fees and costs, as described below.

**SIXTH CAUSE OF ACTION**

**Failure to Reimburse Business Expenses**

**(On Behalf of Plaintiff and Class B against all Defendants)**

67. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

68. At all relevant times herein, Defendants were subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

69. At all relevant times herein, Defendants were subject to Labor Code § 2804, which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his or her personal representative of any right or remedy to which he or she is entitled under the laws of this State.

70. It was necessary for Plaintiff and members of the Class B to use facial coverings, hand sanitizer and disinfectant products to perform their job duties. Although Plaintiff and members of the

17

Class incurred these expenses in the direct discharge of their job duties, Defendants did not reimburse these employees for such necessary work expenditures.

71.    Thus, Defendants have engaged in illegal expense-shifting practices by failing to fully reimburse Plaintiff and the members of Class B for necessary business-related expenses and costs.

72.    Under California Labor Code §§ 2802 and 2804 and Cal. Code Civ. Proc. §1021.5, Plaintiff and the members of Class B are entitled to recover their unreimbursed expenditures and losses, as well as interest thereon, attorney's fees, and costs of suit, in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### Unfair Competition and Unlawful Business Practices

### California Business and Professions Code §§ 17200, *et seq.*

**(On Behalf of Plaintiff and Class A and Class B against all Defendants)**

73.    Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

74.    Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by failing to provide a safe workplace, failing to provide necessary protective equipment; failing to reimburse Plaintiff and members of the Classes for the costs of necessary business expenses; failing to compensate Plaintiff and members of the Classes for all hours worked, including overtime, and failing to provide Plaintiff and the members of the classes with meal and rest periods.

75.    Defendants willful conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL").

76.    Defendants' conduct constitutes unlawful business acts or practices, in that Defendants have violated California Labor Code.  Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for herself and on behalf of the members of the Class, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

77.    There were reasonably available alternatives to further Defendants' legitimate business

18

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

interests, other than the conduct described herein.

78.     All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on hundreds of occasions daily.

79.     Plaintiff was compelled to retain the services of counsel to file this court action to protect her interests and those of the Class, to obtain restitution, to secure injunctive relief on behalf of Defendants' current employees, and to enforce important rights affecting the public interest. Plaintiff thereby incurred the financial burden of attorneys' fees and costs, which she is entitled to recover under Code of Civil Procedure § 1021.5.

## EIGHTH CAUSE OF ACTION

### Civil Penalties Pursuant to PAGA (Labor Code §§2698, *et seq.*)

**(On behalf of Plaintiff and All Aggrieved Employees against all Defendants)**

80.     Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

81.     Plaintiff asserts claims for civil penalties as a representative of the State of California, as authorized by the Private Attorneys General Act ("PAGA"), Labor Code sections 2698, *et seq.*, and to the extent permitted by law, on behalf of herself and other non-exempt employees who work or worked for Defendants in California at any time beginning March 2, 2020, through the resolution of this action. ("Aggrieved Employees").

82.     Plaintiff is an "aggrieved employee" within the meaning of Labor Code section 2699(c) and is a proper representative to bring a civil action on behalf of herself and other current and former employees of Defendants pursuant to the procedures specified in Labor Code section 2699.3(a) because Plaintiff was employed by Defendants and one or more of the Labor Code violations alleged herein was against her.

83.     Labor Code § 2699.3(a) governs PAGA actions for civil penalties arising from violations of Labor Code §§ 200, 201-203, 212, 213, 221, 223, 224, 226(a), 226.7, 510, 1194, 1194.2, 1197, 1198 and 2802.

84.     Before commencing a civil action, an aggrieved employee must first give notice by

19

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

online filing with the Labor and Workforce Development Agency ("LWDA") and by certified mail to the employer, with a copy to the LWDA, of the alleged violation, including the facts and theories to support the allegation. Lab. Code § 2699.3(a)(1)(A). If the LWDA fails to investigate the alleged violation within 65 calendar days of the postmark date of the notice, the aggrieved employee may then file a civil action to seek penalties for it.

85. On March 2, 2021, Plaintiff provided written notice of these alleged violations, including the facts and theories supporting her allegations, to the LWDA via online submission, with a certified copy mailed to Defendants. More than 65 calendar days have passed since the date notice was provided to the LWDA and Defendants. Accordingly, Plaintiff has satisfied the administrative prerequisites under California Labor Code Section 2699.3(a) to recover civil penalties against Defendants for violations of California Labor Code identified in this Complaint.

86. Plaintiffs and the other Aggrieved Employees hereby seek civil penalties for the Labor Code violations during the applicable limitations period described herein, in the following amounts:

      a. For violations of California Labor Code Sections 200, 201, 202, 226.7, 1194, 1198, and 2802 one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by California Labor Code § 2699(f)(2));

      b. For violations of California Labor Code Section 1197, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars and fifty ($250.00) for each aggrieved employee per pay period for each subsequent violation regardless of whether the initial violation is intentionally committed (penalty amounts established by California Labor Code § 1197.1);

      c. For violations of California Labor Code Sections 221 and 223 one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee for each subsequent or willful violation, plus 25 percent of the amount unlawfully withheld. (penalty amounts established by California Labor Code § 225.5);

20

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

d. For violations of California Labor Code Section 512 and the IWC Wage Order, Sections 11, and 12, fifty dollars ($50.00) for each aggrieved employee for each initial violation for pay period for which the employee was underpaid and one hundred dollars ($100.00) for each underpaid employee for each pay period for which the employee was underpaid (penalty amounts established by California Labor Code § 558);

e. For violations of California Labor Code Section 1174, five hundred dollars ($500.00) for each of Defendants' violations in addition to any other penalties or fines permitted by law (penalty amounts established by California Labor Code § 1174.5); and

f. For violations of California Labor Code Section 226, two hundred fifty dollars ($250.00) per employee for initial violation and one thousand dollars ($1,000.00) per employee for each subsequent violation (penalty amounts established by California Labor Code § 226.3).

87.    Pursuant to California Labor Code Section 2699(g), Plaintiff, on behalf of herself and the other Aggrieved Employees, is entitled to an award of reasonable attorneys' fees and costs.

## PRAYER

WHEREFORE, Plaintiff prays for judgment for herself and for all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

a. For an order certifying the proposed Class;

b. For an order appointing Plaintiff as representative of the Class;

c. For an order appointing Counsel for Plaintiff as Counsel for the Class;

d. For an order entering judgement for Plaintiff against Defendants;

e. For compensatory, consequential, general and special damages according to proof;

f. For restitution to Plaintiff and members of the Class of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 et seq., and an injunction requiring Defendants to conform their practices to the laws of California;

g. Declaratory Relief;

21

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

h.  Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 2802(b) and Civil Code §§ 3287 and 3289;

i.  Penalties pursuant to California *Labor Code* §§ 226, 2802, 510, 1194.2, 1194.5, 512.

j.  That the Court award to Plaintiffs and the proposed Class Members civil penalties as provided herein pursuant to Labor Code §2699(a) (PAGA).

k.  For attorneys' fees and costs as provided by, *inter alia,* Labor Code § 1194, 226, 2802(c), and Code of Civil Procedure § 1021.5; and

l.  For such other and further relief the Court may deem just and proper.

DATED:  June 29, 2021                    **BRADLEY/GROMBACHER LLP**

By: _____
    Marcus J. Bradley, Esq.
    Kiley L. Grombacher, Esq.
    Lirit A. King, Esq.
    Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED:  June 29, 2021                    **BRADLEY/GROMBACHER LLP**

By: _____
    Marcus J. Bradley, Esq.
    Kiley L. Grombacher, Esq.
    Lirit A. King, Esq.
    Attorneys for Plaintiff

22

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT