UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYHONA CAMPBELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HUFFMASTER MANAGEMENT INC., a Michigan corporation, et al.,<br><br>Defendants. | No. 2:21-CV-00815-JAM-JDP<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE** |

Keyhona Campbell ("Plaintiff" or "Campbell") sued Huffmaster Management Inc. ("Defendant" or "Huffmaster"), a Michigan corporation, alleging violations of the California Labor Code and Unfair Competition Law (UCL). See First Amended Compl. ("FAC"), ECF No. 13.

Defendant moves to strike portions of Plaintiff's First Amended Complaint and to dismiss three of Plaintiff's eight claims. See Mot. to Strike and/or Dismiss ("Mot."), ECF No. 17. Plaintiff opposes the motion. See Opp'n, ECF No. 20. Defendant replied. See Reply, ECF No. 22. For the reasons set forth below, the Court GRANTS Defendant's motion to dismiss and DENIES

1

Defendant's motion to strike.[1]

## I.   BACKGROUND

Campbell worked as emergency relief staff for Defendant on three occasions from October 22, 2018 to November 26, 2018, March 19, 2019 to November 13, 2019, and March 4, 2020 to May 2, 2020. FAC ¶ 3. Defendant is a corporation that provides healthcare staffing to hospitals and other healthcare facilities in need of short-term, temporary workers. Id. On the three occasions Campbell worked for Defendant, she was stationed at healthcare facilities in California, including the "University of California Hospital at Davis, California". Id. ¶¶ 3, 10. Campbell alleges that Defendants did not provide statutorily mandated meal or rest breaks, depriving her and others of "uninterrupted, thirty-minute meal periods during which they [were] completely relieved of duty, and . . . rest breaks of at least ten minutes by the end of every fourth hour of work." Id. ¶ 4. Defendant also allegedly failed to pay her for time worked, because it "automatically deducted 30-minutes from Ms. Campbell's pay every shift." Id. ¶¶ 1, 4.

Campbell further alleges that Defendant failed "to provide sufficient PPE [personal protective equipment] for its employees." Id. ¶ 23. While Campbell admits she was "provided a handful of masks and hand sanitizer," she alleges that her work in proximity with hospital patients required "N95 masks or sanitizing products, necessary to protect herself and the public

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 7, 2021.

2

1  from [COVID-19] in the workplace." Id. Having failed to receive
2  these items, Campbell alleges she "spent at least one-and-a-half
3  to two hours per week shopping" for "masks, gloves, cleaning and
4  sanitizing products, and hand sanitizer." Id. ¶¶ 24-26.
5  Campbell alleges she was neither reimbursed for her expenses nor
6  paid for her time spent shopping. Id.
7      On March 2, 2021, Campbell provided notice of Defendant's
8  allegedly unlawful practices to Defendant and the California
9  Labor and Workforce Development Agency ("LWDA"). Id. ¶ 29. Five
10 months later, Campbell filed this suit. See FAC.

## II. OPINION

### A. Judicial Notice

Federal Rule of Evidence 201 allows the Court to notice a fact if it is "not subject to reasonable dispute," such that it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice of court records, including "opinions, complaints, briefs, and evidence filed in other actions." BP W. Coast Prod. LLC v. Greene, 318 F.Supp.2d 987, 994 (E.D. Cal. 2004).

Plaintiff asks the Court to take judicial notice of court filings in other cases. See Pl.'s Req. for Judicial Notice ("RJN") at 1, ECF No. 21. Specifically, Plaintiff asks the court to take judicial notice of (Ex. 1) an order granting in part and denying in part defendant's motion to dismiss in Lee Sprewell v. Federal Express Corporation et al., 2:20-cv-11612-SVW-AGR in the United States District Court for the Central District of California and (Ex. 2) an order sustaining in part

1  and overruling in part defendant's demurrer in Andrew Gummow v.
2  General Logistics Systems U.S., Inc., MSC20-02038 in the Costa
3  County Superior Court.  Id.  Both exhibits are documents that
4  are part of a court record and therefore appropriate documents
5  for judicial notice.  BP W. Coast Prod. LLC, 318 F.Supp.2d at
6  994.  However, a court "may not take judicial notice of
7  proceedings or records in another case so as to supply, without
8  formal introduction of evidence, facts essential to support a
9  contention in the cause then before it."  See M/V Am. Queen v.
10 San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir.
11 1983).  Accordingly, in resolving this motion, the Court will
12 consider these exhibits only for the arguments raised and not
13 for the truth of any facts asserted.

    B.   Motion to Dismiss

        1.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  When a plaintiff fails to "state a claim upon which relief can be granted," the Court must dismiss the suit.  Fed. R. Civ. P. 12(b)(6).  To defeat a motion to dismiss, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plausibility under Twombly requires "factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"At this stage, the Court 'must accept as true all of the allegations contained in a complaint.'"  Id.  But it need not

1  "accept as true a legal conclusion couched as a factual
2  allegation." Id.  Additionally, the Court should grant leave to
3  amend, unless the "pleading could not possibly be cured by the
4  allegation of other facts." Cooks, Perkiss, & Leiche, Inc. v.
5  N. Cal. Collection Serv., Inc., 911 F.2d 242, 246-47 (9th Cir.
6  1990).

       2.   Analysis

           a.   Claim Four: Failure to Furnish Accurate Wage Statements

10  Defendant moves to dismiss Plaintiff's fourth claim for
11 failure to furnish accurate wage statements under California
12 Labor Code § 226. Mot. at 5. To establish liability under this
13 statute, a plaintiff must demonstrate: "(1) a failure to include
14 in the wage statement one or more of the required items from
15 Section 226(a); (2) that failure was knowing and intentional;
16 and (3) a resulting injury." Brewer v. General Nutrition
17 Corporation, No. 11-cv-03587-YGR, 2015 WL 5072039, at *5 (N.D.
18 Cal. Aug. 27, 2015) (internal citations omitted). Federal
19 district courts are divided as to whether a failure to provide
20 meal and rest periods under § 226.7 supports an action to
21 recover penalties for inaccurate wage statements under § 226.
22 Mot. at 5; Opp'n at 14. Having reviewed the cases brought forth
23 by both parties, the Court finds that the weight of the
24 authority in the Eastern District of California leans in favor
25 of Defendant's position that a failure to pay meal and rest
26 period premiums does not support a claim for failure to provide
27 an accurate wage statement.
28 California Labor Code § 226 requires that employers include

"an accurate itemized statement" showing among other things "gross wages earned." Cal. Lab. Code § 226(a). The payments an employee may recover for the employer's failure to provide meal or rest periods are "not wages owed to the employee for time worked, but rather are penalties paid by the employer." Garybo v. Leonardo Bros., No. 1:15-cv-01487-DAD-JLT, 2020 WL 2765661, at *7 (E.D. Cal. May 28, 2020) (rejected in part on other grounds by Garybo v. Leonardo Bros., No. 1:15-cv-01487-DAD-JLT (E.D. Cal. Oct. 1, 2021)). As such, the failure to include § 226.7 premiums in wage statements does not support a cause of action under § 226. Naranjo v. Spectrum Security Services, Inc., 40 Cal. App. 5th 444, 474 (2019) (holding "section 226.7 actions do not entitle employees to pursue the derivative penalties in sections 203 and 226").

Accordingly, to the extent Plaintiff's claim for inaccurate wage statements is premised on meal and break violations under § 226.7, this claim is dismissed with prejudice. Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006) (finding dismissal with prejudice appropriate when amendment is futile).

                    b.    Claim Six: Failure to Reimburse Necessary Business Expenses

California Labor Code § 2802 requires that an "employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Cal. Lab. Code § 2802(a). "The elements of a claim under Section 2802 are: (i) the employee made expenditures or incurred losses;

6

1   (ii) the expenditures or losses were incurred in direct
2   consequence of the employee's discharge of his or her duties, or
3   obedience to the directions of the employer; and (iii) the
4   expenditures or losses were reasonable and necessary." Aguilar
5   v. Zep Inc., No. 13-cv-00563-WHO, 2014 WL 4245988, at *16 (N.D.
6   Cal. Aug. 27, 2014).  "[T]he employer must either know or have
7   reason to know that the employee has incurred [the] expense."
8   Id. (internal quotation omitted).
9        Defendant argues that Plaintiff has not alleged facts
10  sufficient to satisfy the elements required for a claim under
11  § 2802.  Mot. at 6.  Specifically, Defendant argues that the
12  Plaintiff "fails to allege that [Defendant] knew or had reason
13  to know that Plaintiff incurred these expenses."  Reply at 2.
14  Reviewing the operative complaint, the Court finds that the
15  complaint lacks any allegations that her employer knew or had
16  reason to know of her expenses, a prerequisite to recovery under
17  California law.  See FAC; Aguilar v. Zep Inc., 2014 WL 4245988,
18  at *16.  Finding dismissal appropriate on this ground, the Court
19  declines to address Defendant's other arguments for Plaintiff's
20  failure to state a claim under § 2802.
21       Accordingly, this claim is dismissed with leave to amend.
22  Cooks, Perkiss, & Leiche, Inc., 911 F.2d at 246-47.
23                c.   Claim Seven: Unfair Competition Law
24       "It is a basic doctrine of equity jurisprudence that courts
25  of equity should not act . . . when the moving party has an
26  adequate remedy at law."  Morales v. Trans World Airlines, Inc.,
27  504 U.S. 374, 381 (1992).  The Ninth Circuit applied this
28  longstanding doctrine of equity in Sonner, when it held that a

plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020). When "the operative complaint does not allege that [the plaintiff] lacks an adequate legal remedy," it is proper to dismiss the plaintiff's claims for equitable relief. Id. Although Plaintiff attempts to distinguish Sonner by its procedural posture, arguing that "Sonner addressed a plaintiff's attempt, late in litigation . . . to avoid a jury trial" by filing a second amended complaint, district courts have held that "[n]othing in Sonner limits its precedential value to such circumstances." Opp'n at 11; Zaback v. Kellogg Sales, Co., No. 3:20-cv-00268-BEN-MSB, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020). Here, as in Sonner, it is proper for the Court to determine whether Plaintiff has sufficiently alleged inadequate remedies at law to survive dismissal of her equity claims under the UCL.

Having carefully reviewed the operative complaint, the Court finds that Plaintiff has failed to allege inadequate remedies at law. See FAC. Plaintiff alleges no facts to show that money damages would be inadequate to address her claims. Id. As such, the Court finds it proper to dismiss Plaintiff's claim for restitution under the UCL.

As to Plaintiff's request for injunctive relief under the UCL, Plaintiff has failed to allege future harm requiring injunctive relief. Id. Plaintiff argues in opposition that she "could be subjected to the illegal policies and practiced [sic] complained of in her FAC again," because she has not "formally

1  resigned or expressed an intent not to accept another placement
2  for Defendants in California in the future." Opp'n at 13.  The
3  Court, however, declines to rely on Plaintiff's argument in
4  opposition when it asserts allegations absent in the operative
5  complaint.  As the Ninth Circuit held: "[I]n determining the
6  propriety of a Rule 12(b)(6) dismissal, a court may not look
7  beyond the complaint to a plaintiff's moving papers, such as a
8  memorandum in opposition to a defendant's motion to dismiss."
9  Broam v. Bogan, 320 F.3d 1023, 1026 (9th Cir. 2003) (internal
10 citations omitted).  Looking at the operative complaint,
11 Plaintiff alleges only that she "worked for Defendants" in the
12 past tense and gave her most recent dates of employment as
13 "between March 4, 2020 and May 2, 2020."  FAC ¶ 3.  As such,
14 there are no allegations to support a finding of future harm.
15     Accordingly, the Court dismisses the Plaintiff's seventh
16 claim for equitable remedies under the UCL for failure to allege
17 an inadequate remedy at law as required by Sonner.  Sonner, 971
18 F.3d at 844.  Finding further amendment to be futile, this claim
19 is dismissed with prejudice.  Deveraturda, 454 F.3d at 1049.
20     C.   Motion to Strike
21     Defendant moves to strike portions of Plaintiff's fourth
22 and seventh claims.  Mot. at 5, 7.  Because the Court has
23 granted Defendant's motion to dismiss, Defendant's motion to
24 strike is denied as moot.
25                          III.  ORDER
26     For the reasons set forth above, the Court GRANTS
27 Defendant's Motion to Dismiss Plaintiff's Fourth and Seventh
28 claims WITH PREJUDICE; GRANTS Defendant's Motion to Dismiss

Plaintiff's Sixth claim without prejudice; and DENIES Defendant's Motion to Strike as MOOT.  If Plaintiff elects to amend her complaint with respect to the Sixth claim, she must do so within twenty (20) days of this Order.  Defendant's responsive pleading is due twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: March 8, 2022

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE